# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-2491

_____

United States of America

*Plaintiff - Appellee*

v.

Ronald Paris Riles

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: February 9, 2015
Filed: February 20, 2015
[Unpublished]

_____

Before GRUENDER, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

A jury convicted Ronald Riles of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Riles appeals his conviction, arguing

the district court[1] erred in denying his motion for judgment of acquittal because the jury lacked sufficient evidence of his knowing possession of the firearms. We affirm.

I.

On February 6, 2013, as part of a narcotics investigation, police officers executed a search warrant for an apartment that Riles and his girlfriend were occupying. Approximately ten minutes elapsed between the time when officers made contact with Riles and his girlfriend and when the two exited the apartment and officers were able to enter. As part of the search, officers seized a residential lease for the apartment signed by both Riles and his girlfriend, photo identification cards for Riles, and a car title listing Riles's name. Officers also located two handguns hidden above ceiling tiles in the apartment's bedroom.

Officers took Riles into custody. When asked for his address, Riles gave the apartment address where the firearms were seized. After waiving his Miranda[2] rights, Riles admitted to holding the firearms as collateral for money he had loaned to two different people. Laboratory tests showed the presence of DNA from three individuals on one of the firearms, but none of the DNA samples matched Riles. The other firearm lacked any retrievable evidence of DNA.

At trial, Riles testified that he had not been living in the apartment with his girlfriend, rather he cosigned the lease only so she could qualify to rent the apartment. He further testified that he lied to officers when he claimed to be holding the firearms as collateral for loaned money. Instead, Riles testified that when the search warrant was being executed but before officers had gained entry, Riles's girlfriend panicked,

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

showed Riles the two firearms, and asked Riles to hide the firearms for her. Riles then concealed the guns in the ceiling panels of the bedroom.

## II.

Riles argues on appeal that there is insufficient evidence to prove beyond a reasonable doubt that he actually or constructively possessed the two firearms. We review challenges to the sufficiency of the evidence de novo. United States v. Sullivan, 714 F.3d 1104, 1107 (8th Cir. 2013). "We view the evidence in the light most favorable to the guilty verdict, granting all reasonable inferences that are supported by that evidence." Id. (internal quotation marks omitted). "We will reverse a conviction only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." Id. (quoting United States v. Wells, 706 F.3d 908, 914 (8th Cir. 2013)).

To establish a violation of section 922(g)(1), the government must prove (1) the defendant had previously been convicted of a crime punishable by imprisonment of over a year, (2) the defendant knowingly possessed a firearm, and (3) the firearm was in or affected interstate commerce. See United States v. Collier, 527 F.3d 695, 701 (8th Cir. 2008). The only element at issue in this appeal is whether Riles knowingly possessed the two firearms.

Possession may come in the form of actual possession or constructive possession. See United States v. Walker, 393 F.3d 842, 846-47 (8th Cir. 2005). While Riles's admission at trial that he concealed the firearms above the ceiling tiles may be sufficient to prove actual possession, it is unnecessary to address that issue because sufficient evidence shows constructive possession. See United States v. Casteel, 717 F.3d 635, 644 (8th Cir. 2013), cert. denied, 134 S. Ct. 954 (2014) (declining to decide whether to join "the great weight of authority of other circuits"

that have determined that fleeting possession of a firearm is sufficient for a conviction under section 922(g)(1)).

Here, there is sufficient evidence that Riles exercised constructive possession over both firearms. Constructive possession "'is established if the person has dominion over the premises where the firearm is located, or control, ownership, or dominion over the firearm itself.'" Walker, 393 F.3d at 847 (quoting United States v. Boykin, 986 F.2d 270, 274 (8th Cir. 1993)). Two officers testified that Riles gave the apartment address as his own after his arrest. Also, officers seized evidence that Riles lived at the apartment, including a lease bearing his name, his identification cards, and a car title bearing his name. Riles additionally told officers that he was keeping the firearms as collateral for money he loaned to others. This evidence, construed in the light most favorable to the verdict, proves that Riles exercised control and dominion over both the apartment and the firearms, and thus, a reasonable jury could find Riles constructively possessed the firearms.

III.

Accordingly, we affirm.

_____